IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | Criminal No.   1:25-CR-25 (MAD) |
| ) | |
| ) | **GOVERNMENT'S SENTENCING** |
| **v.** ) | **MEMORANDUM** |
| ) | |
| **NIESHA GOODWIN** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the Court sentence the defendant to term of imprisonment within the applicable United States Sentencing Guidelines ("Guidelines") range to be followed by a supervised release term of three years.

## BACKGROUND

On February 12, 2025, pursuant to a written plea agreement, the defendant pled guilty to mail fraud, in violation of 18 U.S.C. § 1341 (Count 1); aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Count 2); possession of a firearm as a prohibited person, in violation of 18 U.S.C. § 922(g)(1) (Count 3); and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1),(b)(1)(C) (Count 4). *See* Dkt. 15 (Presentence Investigation Report ["PSIR"]) at ¶ 1; *see also* Dkt. 4 (Plea Agreement).

The government does not object to the facts in the PSIR. The defendant has been released with conditions since her February 12 guilty plea.

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

1. **Statutory Maximums**

The defendant's convictions subject her to a statutory maximum term of imprisonment of 20 for Count 1 and 4 and a statutory maximum term of imprisonment of 15 years for Count 3. *See* Plea Agreement at ¶ 3. Count 2 carries a mandatory consecutive term of imprisonment of 2 years. *See* 18 U.S.C. § 1028A(a)(1). The defendant's convictions also subject her to a term of supervised release of at least three years, *see* 18 U.S.C. § 3583(b)(2), and a maximum fine of $250,000 per count for Counts 1 and 3 – 5, *see* 18 U.S.C. § 3571(b)(3). A special assessment of $400 must be imposed under 18 U.S.C. § 3013.

2. **Guidelines Provisions**

The government does not object to the determinations of the PSIR that the defendant's total offense level is 22 after acceptance of responsibility deductions, *see* PSIR at ¶ 31 – 51, her criminal history category is III, *see id.* at ¶¶ 52 – 60, and, as such, the resulting recommended range of imprisonment is 75 – 87 after applying the mandatory consecutive term of imprisonment imposed by Count 2. *See id* at ¶ 94.

## GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all the information before the Court, the government respectfully requests that the Court sentence the defendant to a term within the applicable Guidelines range.[1] Such a sentence is sufficient, but not greater than necessary, to comply with the sentencing factors in 18

---

[1] The government does not request the imposition of a fine based on the defendant's apparent inability to pay. *See* PSIR ¶¶ 89 – 91; U.S.S.G. § 5E1.2(a) (fine may be waived where "defendant establishes that he is unable to pay and is not likely to become able to pay any fine").

U.S.C. § 3553(a). Although the Guidelines are no longer mandatory, the Second Circuit has instructed district courts to consider them "faithfully" when sentencing. *United States v. Crosby*, 397 F.3d 103, 114 (2d Cir. 2005). "[I]n the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 89 (2007); *see, e.g.*, *Gall v. United States*, 552 U.S. 38, 46 (2007) (explaining that the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions"). Moreover, within-Guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act – "to diminish unwarranted sentencing disparity." *Rita v. United States*, 551 U.S. 338, 354 (2007).

Here, a sentence within the guidelines range is merited. As detailed in the PSIR, the defendant has a lengthy, and often violent, criminal history including convictions for criminal possession of a controlled substance, robbery in the third degree, and assault in the third degree. *See* PSIR at ¶¶ 56 – 62. Indeed, the defendant's robbery conviction stemmed from an incident where the defendant and another person robbed a victim at knife point. *Id*. at ¶ 58. In a separate incident, the defendant pled guilty to assault after the defendant another person repeatedly beat a victim in the head, back, and neck before taking their phone and $55 in cash. *Id*. at ¶ 59

Despite this criminal history, the defendant defrauded the New York State Department of Labor of more than $150,000 in Unemployment Insurance ("UI") funds to which the defendant was not entitled. In doing so, the defendant used the personal identifying information of another person without their permission or knowledge. While investigating the defendant for this prolific fraud, law enforcement recovered a Beretta PX 9mm semi-automatic pistol, which the defendant

could not possess because she is a convicted felon, and 11 grams of crack cocaine and a digital scale from the defendant's backpack.

Moreover, given the defendant's prior noncompliance with court ordered substance abuse counseling, *see* PSIR at ¶ 58 (noting noncompliance during treatment ordered following robbery conviction), history of missing court, *see* PSIR at ¶ 61 – 62 (outlining history of bench warrants), and struggles to maintain compliant with pretrial release supervision in this case, *see* PSIR at ¶¶ 84 – 85 (discussing positive tests for buprenorphine and benzodiazepine and defendant's repeated denials from consuming either), the government believes a supervised release term of at least three years is warranted. And because of the defendant's noted issues with substance abuse, prior convictions for possessing controlled substances, and history of mental illness, the special conditions of supervised release provided by probation are also appropriate.

The government's requested sentence adequately reflects the statutory factors to be considered under 18 U.S.C. § 3553(a) in imposing a sentence. The requested sentence will reflect the nature and circumstances of the offense and the history and characteristics of the defendant. It will also reflect the seriousness of the defendant's offense, promote respect for the law, and provide just punishment.[2]

---

[2] The government reserves the right to respond to defense arguments raised for the first time after filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable Guidelines range on a ground not previously identified by the parties or in the PSIR, the parties are entitled to notice and an opportunity to respond. Fed R. Crim. P. 32(i)(1)(c), (h). Further, the government respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the U.S. Probation Office.

Dated: May 20, 2025                                Respectfully submitted,

                                               JOHN A. SARCONE
                                               United States Attorney

                          By:   */s/ Matthew Paulbeck*
                                             Matthew M. Paulbeck
                                             Assistant United States Attorney
                                             Bar Roll No. 705086

**Certificate of Service**

I certify that on May 20, 2025, I electronically filed the foregoing sentencing memorandum with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to Danielle Neroni, Esq., attorney for the defendant.

By: */s/ Matthew Paulbeck*
Matthew M. Paulbeck
Assistant United States Attorney